**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
─────────────────────────────────

**JOHN W. KARCZ, JR.,**
**JENNIFER A. KARCZ,**

                              **Plaintiffs**

              **-v-**                                    **16-CV-0628V(Sr)**

**CITY OF NORTH TONAWANDA,**

**et. al.,**

                              **Defendants.**

─────────────────────────────────

### REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Lawrence J.

Vilardo, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report

upon dispositive motions. Dkt. #57.


Plaintiffs, proceeding *pro se*, commenced this action pursuant to 42

U.S.C. § 1983, alleging that law enforcement officers conducted multiple illegal

searches of their home and engaged in other acts of harassment culminating in the

illegal arrest, prosecution and defamation of plaintiff, John W. Karcz, Jr. Dkt. #1.


Currently before the Court is a motion to dismiss this action against the

City of North Tonawanda ("City"); Shawn P. Nickerson; William R. Hall; Thomas E.

Krantz; Robert Labushesky; Karen Smith; Todd Bush; Robert Kolata; James

Muehlbauer; Lawrence Kuebler; Scott Willard; Stephen Endres; Terry Huey; Lee

Bolsover; Robert Bohnstadt; Shawn Larson; Daniel Mahoney; Daryl E. Truty; Richard

Wydysh; North Tonawanda Police Officers John Doe I, II, III and IV and Jane Doe ("NT

defendants"). Dkt. #16. Defendant Jeff Shiesly subsequently moved to dismiss on the

same grounds. Dkt. #20.

### Dismissal Standard - Rule 12(b)(6)

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678. Application of this standard is "a context-specific task

that requires the reviewing court to draw on its judicial experience and common sense."

*Id.* at 679.

### 42 U.S.C. § 1983 - Statute of Limitations

Defendants argue that any claims based upon conduct that occurred prior

to August 3, 2013 are barred by the statute of limitations. Dkt. #16-1, pp.8-9.

Plaintiffs respond that defendants engaged in continuing violations of their

civil rights. Dkt. #22, p.4.

Defendants reply that plaintiffs allege multiple distinct violations. Dkt. #56-1, p.3.

The statute of limitations for claims brought pursuant to 42 U.S.C. § 1983 is determined by state law, and in New York, that statute of limitations is three years. *Owens v. Okure*, 488 U.S. 235, 251 (1989). The accrual date for such a claim "is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). In accordance with federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of her action. *Singleton v. City of N.Y.*, 632 F.2d 185, 191 (2d Cir 1980), *cert. denied*, 450 U.S. 920 (1981). While there are circumstances in which a plaintiff can apply the continuing violation doctrine to seek relief from a series of separate acts that collectively constitute one unlawful act, the doctrine is not applicable when the plaintiff challenges conduct that is a discrete unlawful act. *Davis v. Whillheim*, 17 Civ. 5793, 2019 WL 935214, at *9 (S.D.N.Y. Feb. 26, 2019), *quoting Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009).

Plaintiffs commenced this action on August 3, 2016. Dkt. #1. In as much as the allegations prior to August 3, 2013 would support independently actionable claims, *to wit*, illegal entry onto plaintiffs' property and unlawful search and seizure, the continuing violation doctrine is inapplicable and any claim based upon allegations which occurred prior to August 3, 2013 is barred by the statute of limitations. As the allegations against defendants Robert Labushesky, Todd Bush, Robert Kolata, Stephen Endres, Lee Bolsover, Robert Bonstadt, Shawn Larson and Daryl E. Truty are based

upon conduct that occurred no later than July 15, 2013, it is recommended that they be dismissed from this action. However, because Karen Smith is also alleged to have been involved in the arrest of plaintiff, John W. Karcz, Jr., on July 20, 2016 (Dkt. #1, ¶ 214), it is recommended that she remain as a defendant in this action with respect to her conduct on that date.

<u>Common Law Claims - Notice of Claim & Statute of Limitations</u>

Defendants argue that any common law claims are barred due to plaintiffs' failure to comply with New York's Notice of Claim provisions. Dkt. #16-1, p.9.

Plaintiffs respond that defendant Shawn Nickerson interfered with their attempt to file their Notice of Claim. Dkt. #22, p.5.

Defendants reply that plaintiffs have not provided any evidence to support their conclusory statement of interference and note that the statute permits service of a notice of claim by registered or certified mail. Dkt. #56-1, p.5.

Federal courts entertaining state law claims against municipalities are obligated to apply state notice of claim provisions. *Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999). Notice of claim requirements are strictly construed such that the plaintiff's failure to plead compliance with New York's General Municipal Law § § 50-e and 50-i, *i.e.*, that plaintiff has served the notice of claim within ninety days after such claim arose and allowed at least thirty days to elapse before filing the complaint, during which time the defendant has not satisfied the claim, warrants

dismissal of common law claims against municipalities, as well as their officers, agents, or employees alleged to have caused plaintiff's injuries, for failure to state a cause of action. *Id.* at 793-794; *See also Warner v. Village of Goshen Police Dep't.*, 256 F. Supp.2d 171, 174 (S.D.N.Y. 2003). While the New York State Supreme Court may, upon application, and in its discretion, extend the time to serve a notice of claim, such an extension may not exceed the time provided for commencement of the action. N.Y. Gen'l Municipal Law § 50-e(5). Pursuant to New York General Municipal Law §§ 50-i, the statute of limitations for plaintiffs' claims against municipalities, and any employee of a municipality entitled to indemnification, is one year and ninety days. *Tanner v. Humphries*, 6:16-CV-1131, 2019 WL 2232930, at *2 (N.D.N.Y. May 23, 2019). As that time has elapsed, it is recommended that plaintiffs' common law claims, including but not limited to intentional infliction of emotional distress,[1] malicious prosecution, prosecutorial misconduct, false imprisonment and false arrest, be dismissed for failure to plead compliance with New York's Notice of Claim provisions.


### *Respondeat Superior*

Plaintiffs' Twelfth cause of action claims that the City is vicariously liable to plaintiffs pursuant to the common law doctrine of *respondeat superior*. Dkt. #1, ¶ 267.


Defendants argue that the City cannot be liable for damages pursuant to a

---

[1] In as much as intentional infliction of emotional distress is not recognized as a cognizable constitutional claim, it is recommended that plaintiffs' ninth cause of action asserting intentional infliction of emotional distress as a violation of 42 U.S.C. § 1983 also be dismissed. *Scott v. City of Rochester*, 17-CV-6311, 2019 WL 4016165, at *4 (W.D.N.Y. 2019).

theory of *respondeat superior*. Dkt. #16-1, p.10. Defendants further argue that plaintiffs have not alleged facts to support a *Monell* claim. Dkt. #16-1, pp.11-15.

Plaintiffs respond that the City is liable for the repeated and customary violations of plaintiffs' rights between 2013 and the present. Dkt. #22, p.9. More specifically, plaintiffs argue that the repeated acts of defendant William Hall, who was directly responsible for the policies, customs and practices of the men and women he personally hired, trained and retained, implicates the City for culpability under *respondeat superior*. Dkt. #22, p.9. Plaintiffs argue that they have properly alleged a cause of action based on an official policy and procedure of the North Tonawanda Police Department to inadequately train, supervise and discipline its police officers, thereby failing to adequately discourage further constitutional violations. Dkt. #22, p.14.

Defendants reply that plaintiffs have failed to allege any factual basis for a *Monell* claim. Dkt. #56-1, p.6.

It is well established that municipalities are not subject to liability pursuant to 42 U.S.C. § 1983 solely on the basis of *respondeat superior. Collins v. City of Harker Heighs, Tex.,* 503 U.S. 115, 122 (1992). To state a civil rights cause of action against a municipality, a plaintiff must allege that the constitutional violation was caused by action pursuant to official municipal policy, which includes decisions of a government's lawmakers, acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. *Connick v. Thompson*, 563 U.S. 51,

60 (2011). In limited circumstances, a decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of 42 U.S.C. § 1983. *Id.* at 61. To state a failure to train claim, a plaintiff must allege that a municipality's failure to train its employees in a relevant respect amounts to deliberate indifference to the rights of persons with whom the untrained employees came into contract. *Id.* Deliberate indifference is a stringent standard which generally requires a pattern of similar constitutional violations by untrained employees to demonstrate that decision makers knew or should have known that their training program has failed to prevent tortious conduct by employees. *Id.* at 62. The Supreme Court has also recognized that, in a narrow range of circumstances, the unconstitutional consequence of failing to train could be so patently obvious that a municipality could be liable under 42 U.S.C. § 1983 without evidence of a pre-existing pattern of violations. *Id.* at 63-64. A failure to train claim is not focused upon whether a particular officer was adequately trained, but whether the training program as a whole was adequate to avoid constitutional violations. *Okin v. Village of Cornwall-on-Hudson Police Dep't.*, 577 F.3d 415, 440-441 (2d Cir. 2009). Vague and conclusory assertions are insufficient to set forth a plausible claim of municipal liability. *Bryant v. Ciminelli*, 267 F. Supp.3d 467, 474-475 (W.D.N.Y. 2017).

Plaintiffs' allegations fail to plausibly suggest that the constitutional violations claimed were caused by a municipal policy or deliberate indifference to plaintiffs' constitutional rights. Plaintiffs have failed to allege similar prior incidents which would plausibly support a municipal policy of constitutional violations or a particular

deficiency in the training program which caused the deprivation of plaintiffs'
constitutional rights. Rather, plaintiffs' allegations are focused upon the individual bad
acts of municipal employees, which support civil rights claims against such employees
but cannot, as currently pled, be extrapolated to support municipal liability. Accordingly,
it is recommended that plaintiffs' twelfth cause of action claiming *respondat superior*
liability against the City be dismissed.

<u>Immunity</u>

Defendant Shawn P. Nickerson, City Attorney for North Tonawanda,
argues that he is entitled to absolute immunity. Dkt. #16-1, pp.15-16.

Plaintiffs respond that defendant Nickerson is not entitled to immunity and
deny that he was acting in his role as City Attorney when he prosecuted plaintiffs
pursuant to a statute which had not been properly enacted. Dkt. #22, pp.15-16.

Defendants reply that plaintiffs' allege that defendant Nickerson enforced
the amended City Code against them. Dkt. #56-1, p.8.

Plaintiffs' complaint alleges that City Attorney Shawn P. Nickerson
requested an unlawful amendment to the North Tonawanda City Code Section 96 -
Vehicle and Traffic, Article VII - Terrace Parking on July 7, 2015 so as to single out
trailers and boats that were parked on a paved terrace such as the one next door to
plaintiffs' home. Dkt. #1, ¶ ¶ 163-64. Although plaintiffs dispute whether the amendment

was published as required to become official, plaintiffs' allege that defendant Nickerson personally mailed the plaintiffs a letter claiming they were in violation. Dkt. #1, ¶ 166. Plaintiffs further allege that their boat and trailer were again ticketed in mid-November of 2015 and that defendant Nickerson sent plaintiffs a letter threatening to tow the vehicle and conveyances from the terrace. Dkt. #1, ¶ 175. Plaintiffs complain that "a municipal ordinance was attempted to be changed without due process, and unfairly enforced by the North Tonawanda City Attorney, Shawn P. Nickerson. Dkt. #1, ¶ 177.

Plaintiffs' allegations that defendant Nickerson recommended legislative action would be entitled to legislative immunity, regardless of his motive or intent in doing so. *See NRP Holdings LLC v. City of Buffalo*, 11-CV-472, 2017 WL 745860, at *6-8 (W.D.N.Y. Feb. 27, 2017) (legislative immunity defeats a claim at the outset and extends to executive branch employees engaged in, *inter alia*, drafting and introducing legislation, including zoning laws and municipal ordinances), *aff'd* 916 F.3d 177 (2d Cir. 2019) (officials outside of the legislative branch may be entitled to legislative immunity when they perform legislative functions, including introduction of resolution to legislative body). Plaintiffs' allegations that defendant Nickerson unfairly enforced the municipal ordinance would be barred by prosecutorial immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (in order to state a claim, a plaintiff must allege that the alleged misconduct was not related to the prosecutor's role as an advocate); *Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005) (So long as the pertinent statutes authorize prosecution for the charged conduct, "the prosecutor is shielded from liability for damages for commencing and pursuing the prosecution, regardless of any allegations

that his actions were undertaken with an improper state of mind or improper motive."); *Anilao v. Spota*, 774 F. Supp.2d 457, 478 (E.D.N.Y. 2011) ("A prosecutor 'will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.'") *(quoting Stump v. Sparkman*, 435 U.S. 349 (1978)). As a result, it is recommended that defendant Nickerson be dismissed from this action.

<u>Official Capacity Claims</u>

Defendants argue that plaintiffs' claims against them in their official capacity are redundant. Dkt. #16-1, p.17.

"A claim against a government official in his official capacity is merely another way of asserting a claim against the governmental entity that employs the official. *Beckwith v. Erie Cty. Water Auth*., 413 F. Supp.2d 214, 224-225 (W.D.N.Y. 2006). In as much as plaintiffs have directly sued the City, their claims against city employees in their official capacities are redundant, and it is therefore recommended that they be dismissed.

<u>Punitive Damages</u>

In light of plaintiffs' representation that they are not seeking punitive damages against the City (Dkt. #22, p.22), it is recommended that this aspect of defendants' motion be denied as moot.

Personal Involvement

Defendants argue that plaintiffs' "group pleading" is improper. Dkt. #16-1, pp.18-19. More specifically, defendants argue that plaintiffs have failed to sufficiently specify each defendant's personal involvement in the alleged constitutional violations set forth in the complaint. Dkt. #16-1, pp.18-19.

Plaintiffs respond that they have provided defendants with fair notice of their specific actions in violation of plaintiffs' constitutional rights. Dkt. #22, p.23.

It is well settled that the personal involvement of defendants in an alleged constitutional deprivation is a prerequisite to an award of damages under § 1983. *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001)*; Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060, 1065 (2d Cir. 1989). Personal involvement may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created or permitted the continuation of a policy or custom under which unconstitutional practices occurred; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating unconstitutional acts were occurring. *Colon*, 58 F.3d at 873.[2]

---

[2] Although recognizing that the Supreme Court's decision in *Iqbal* "may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Court of Appeals has yet to resolve that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." However, it is understood that pro se complaints are to "be held to less stringent requirements than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Dismissal for failure to comply with Rule 8 is therefore usually reserved for complaints that are "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). More specifically, so long as a complaint provides fair notice of the circumstances giving rise to the plaintiff's claim for relief, it need not also correctly plead the legal theory or theories and statutory basis supporting the claim. *Marbury Mgmt, Inc. v. Kohn*, 629 F.2d 705, 712 n.4 (2d Cir. 1980), *cert. denied*, 449 U.S. 1011 (1980).

In the instant case, the Court agrees that the statement of facts set forth in plaintiffs' complaint contains sufficient factual allegations as to provide each defendant fair notice of plaintiffs' allegations of personal involvement in the incidents underlying plaintiffs' claims of constitutional violations. Plaintiffs were proceeding *pro se* when they filed their complaint, but are now represented by counsel, who can clarify the link between these facts and plaintiffs' legal theories against the individual defendants either through an amended complaint or in response to defendants' discovery demands. Accordingly, it is recommended that this aspect of defendants' motion to dismiss be denied.

-12-

<u>Declaratory and Injunctive Relief</u>

Defendants argue that plaintiffs' factual allegations do not provide a basis for declaratory[3] or injunctive relief. Dkt. #16-1, pp.19-20.

Plaintiffs seek to enjoin defendants from engaging in slander, libel or contact with the plaintiffs or their immediate family members. Dkt. #1, ¶ 273. Plaintiffs specifically seek to enjoin defendant Nickerson from any quasi-official conduct relating to plaintiffs' properties. Dkt. #1, ¶ 273.

"Injunction is not a separate cause of action; it is a remedy." *Chiste v. Hotels.com L.P.*, 756 F.Supp.2d 382, 407 (S.D.N.Y. 2010). More specifically, it is "an equitable remedy designed to alleviate a specific, prospective harm for which money damages will not compensate an injured plaintiff." *Reuben H. Donnelly Corp. v. Mark I Mktg. Corp.*, 893 F. Supp. 285, 294 (S.D.N.Y. 1995). Thus, to obtain injunctive relief, a plaintiff must succeed on the merits and show the absence of an adequate remedy at law and irreparable harm if the relief is not granted. *Deferio v. City of Syracuse*, 770 Fed App'x 587, 591 (2d Cir. 2019). In as much as the Court has recommended dismissal of defendant Nickerson, any claim for damages against him would no longer be viable. However, the appropriateness of injunctive relief as a remedy for plaintiffs' civil rights claims against the remaining defendants cannot be ascertained at this early stage of the proceedings.

---

[3] Plaintiffs' request for declaratory relief is directed toward Judge William R. Lewis (Dkt. #1, ¶ 275), and is addressed in this Court's separate Report, Recommendation and Order pertaining to defendant Lewis' motion to dismiss. Dkt. #34.

<u>Third, Fourth, Eighth, and Twelfth Claims</u>

Defendants argue that plaintiffs' third, fourth, eighth and twelfth[4] claims are either non-existent or duplicative causes of action. Dkt. #16-1, pp.20-22.

Plaintiffs respond that they have satisfied their pleading obligations. Dkt. #22, pp.23-25.

As noted previously, plaintiffs' were proceeding *pro se* when they filed their complaint. It is well settled that *pro se* complaints, particularly *pro se* complaints alleging civil rights violations, are to be construed liberally to suggest the strongest arguments that can be made. *Wixel v. Board of Educ. of City of N.Y.*, 287 F.3d 138, 145-146 (2d Cir. 2002). Applying this standard, the Court recommends that defendants' motion to dismiss plaintiffs' third cause of action, which broadly alleges police misconduct, and eighth cause of action, which alleges false imprisonment, be granted as it is encompassed by plaintiffs' first cause of action alleging unlawful search, seizure and arrest. Similarly, the Court recommends dismissal of plaintiffs' fourth cause of action, which broadly alleges violation of plaintiffs' fourth, fifth, sixth, ninth and fourteenth amendment rights under color of state law as duplicative of plaintiffs' more specific causes of action.

---

[4] Plaintiffs' twelfth cause of action claiming *respondeat superior* liability of the City of North Tonawanda for state law violations should be dismissed for reasons stated *supra.*

## CONCLUSION

For the foregoing reasons, it is recommended that defendants' motions (Dkt. #16 & 20), be granted in part and denied in part.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

DATED:      Buffalo, New York
            May 28, 2020

<u>  s/ H. Kenneth Schroeder, Jr.  </u>
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

-16-