UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN W. KARCZ, JR.,
JENNIFER A. KARCZ,

                Plaintiffs

        -v-                                          16-CV-0628V(Sr)

CITY OF NORTH TONAWANDA,

et. al.,

                Defendants.

---

### REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #57.

Plaintiffs, proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 1983, alleging that law enforcement officers conducted multiple illegal searches of their home and engaged in other acts of harassment culminating in the illegal arrest, prosecution and defamation of plaintiff, John W. Karcz. Dkt. #1.

Currently before the Court is a motion to dismiss this action against defendant William R. Lewis. Dkt. #34. Plaintiffs' complaint alleges that defendant William R. Lewis is a City Court Judge in North Tonawanda. Dkt. #1, ¶ 5.

In support of the motion, defendant Lewis argues that because he was a City Court Judge for the City of North Tonawanda at the time of the allegations set forth in the complaint, he is immune from suit as an officer of the New York State Unified Court System, Dkt. #34-1, pp.4 & 8-12. To the extent that plaintiff has named him as a defendant in his official capacity, defendant Lewis argues that he is immune from suit pursuant to the Eleventh Amendment. Dkt. #34-1, p.12.

In opposition to the motion to dismiss, plaintiffs respond that defendant Lewis lost his judicial immunity because "there is no proof that Lewis signed the unlawful warrant in question in his judicial capacity." Dkt. #53, p.16. Plaintiffs also argue that Eleventh Amendment immunity does not apply. Dkt. #53, pp.17-19.

Defendant responds that it is clear that he was acting within his jurisdiction as a City Court Judge when he authorized a search warrant for plaintiff's home in the City of North Tonawanda. Dkt. #54, p.5.

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure when the district court lacks the statutory or constitutional power to adjudicate it. *Markarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In resolving such a motion, the Court may refer to evidence outside of the pleadings. *Id*. To defeat a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Id.*

The doctrine of judicial immunity provides that judges are absolutely immune from suit for claims of damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Generally speaking, any acts arising out of, or related to, individual cases before the judge are considered judicial in nature. *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). A judge will not be deprived of immunity because an action was taken in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). When addressing judicial immunity, the scope of a judge's jurisdiction must be construed broadly. *Id.* at 356.

Plaintiffs' allegations that Judge Lewis improperly issued a search warrant based upon perjury by law enforcement officers (Dkt. #1, ¶ 114); improperly involved himself in plea negotiations (Dkt. #1, ¶ 187); accepted plaintiffs' coerced guilty pleas (Dkt. #1, ¶ 186); sentenced plaintiff John Karcz (Dkt. #1, ¶ 188); ridiculed plaintiff John Karcz (Dkt. #1, ¶ 188); improperly issued an arrest warrant for John Karcz for violation of probation (Dkt. #1, ¶¶ 192-201); and set excessive bail for John Karcz (Dkt. #1, ¶ 203), are all allegations of actions which fall within the scope of judicial responsibilities of a city court judge and are, therefore, entitled to absolute immunity.

Plaintiffs also seek declaratory and injunctive relief against William R. Lewis. Plaintiffs' complaint requests an injunction prohibiting William R. Lewis "from any quasi-official conduct relating to the Plaintiffs' properties" (Dkt. #1, ¶ 273(c)), and

declaratory relief establishing the lack of constitutionality of his actions. Dkt. #1, ¶ 275. However, 42 U.S.C. § 1983 was amended in 1996 to extend judicial immunity to claims for injunctive relief by providing that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." The Court of Appeals for the Second Circuit has interpreted this language to preclude both injunctive and declaratory relief against a judicial officer. *Peters v. Noonan*, 12-CV-234, 2020 WL 1322573 at *1 (W.D.N.Y. March 20, 2020). As plaintiffs have not alleged that William R. Lewis violated any declaratory decree or that declaratory relief was unavailable, judicial immunity bars plaintiffs' claims for equitable relief. In addition, because plaintiff concedes that William R. Lewis is no longer a judge (Dkt. #22, p.5),[1] plaintiff's request for injunctive and declaratory relief against William R. Lewis is also moot.[2]

The Eleventh Amendment to the United States Constitution divests the federal court of jurisdiction over claims for monetary damages against a state actor acting in her official capacity unless there is a waiver of this immunity by statute or the

---

[1] The Court takes judicial notice of the fact that Judge Lewis retired from the bench on December 31, 2016.

[2] For the same reasons, plaintiffs' motion for a preliminary injunction enjoining defendant "William R. Lewis, a biased judge, who has repeatedly evinced an intention to use his position as a judge to violate the rights of the plaintiff, John W. Karcz, Jr. and is likely to interfere with the administration of justice in this Court, from knowingly and/or intentionally taking further judicial or quasi-judicial action against the plaintiff John W. Karcz, Jr. (Dkt. #3, ¶ 2), should also be denied as moot.

state consents to suit. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). It is well established that New York has not consented to suit for claims commenced pursuant to 42 U.S.C. § 1983 and that the civil rights statute was not intended to override a state's sovereign immunity. *Mamot v. Board of Regents*, 367 Fed. App'x 191 (2d Cir 2010), *citing Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977) *and Quern v. Jordan*, 440 U.S. 332, 342 (1979). New York's sovereign immunity extends to the New York State Unified Court System, as well as state judicial officers in their official capacities. *Gribbin v. New York State Unified Court Sys.*, 18-CV-6100, 2020 WL 1536324, at *4 (E.D.N.Y. March 31, 2020); *See Lockridge v. Buffalo City Court*, 18-CV-834, 2019 WL 1557828, at *2-3 (W.D.N.Y. April 10, 2019), *quoting Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (Every court to consider the question of whether the New York State Unified Court System is an arm of the State has concluded that it is, and is therefore protected by Eleventh Amendment sovereign immunity). City Courts are part of the Unified Court System. *Brown v. Paterson*, 2011 WL 7429454, at *10 (S.D.N.Y. Dec. 27, 2011), *R&R adopted by* 2012 WL 639151 (Feb. 28, 2012). As a result, plaintiffs' complaint against defendant Lewis in his official capacity is barred by the Eleventh Amendment.

As the Court lacks jurisdiction over plaintiffs' complaint against William R. Lewis in both his individual and official capacity, it is recommended that the motion to dismiss (Dkt. #34), be granted and that William R. Lewis be dismissed from this action with prejudice.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to

<u>comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

**DATED:** **Buffalo, New York**
**May 28, 2020**

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**