**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**JOHN W. KARCZ, JR.,**
**JENNIFER A. KARCZ,**

                **Plaintiffs**

        **-v-**                              **16-CV-0628V(Sr)**

**CITY OF NORTH TONAWANDA,**

**et. al.,**

                **Defendants.**

_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #57.

Plaintiffs, proceeding _pro se_, commenced this action pursuant to 42 U.S.C. § 1983, alleging that law enforcement officers conducted multiple illegal searches of their home and engaged in other acts of harassment culminating in the illegal arrest, prosecution and defamation of plaintiff, John W. Karcz. Dkt. #1.

The U.S. Marshals Service served the complaint upon James R. Vourtour and Scott Lombardo on May 13, 2019 and, upon return of the Acknowledgment of

Receipt of Summons and Complaint by Mail,[1] the Clerk of the Court entered the document on CM/ECF with a notation that the answer was due on June 3, 2019. Dkt. #11. The U.S. Marshals Service served the complaint upon Ronald P. Dworzanski, Michael Violante, Laura Bittner and Kevin Canali on May 15, 2019 and, upon return of the Acknowledgment of Receipt of Summons and Complaint by Mail, the Clerk of the Court entered the document on CM/ECF with a notation that the answer was due on June 5, 2019. Dkt. #11. The U.S. Marshals Service served the complaint upon the County of Niagara on May 20, 2019 and, upon return of the Acknowledgment of Receipt of Summons and Complaint by Mail, the Clerk of the Court entered the document on CM/ECF with a notation that the answer was due on June 10, 2019. Dkt. #11.

Plaintiffs requested Entry of Default on June 17, 2019 and the Clerk of the court entered default. Dkt. ##24-31.

Currently before the Court is a motion to vacate entry of default[2] against the County of Niagara, James R. Voutour, Scott Lombardo, Ronald P. Dworzanski,

---

[1] The Notice and Acknowledgment of Receipt of Summons and Complaint by Mail states: "If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days for private defendants and/or 60 days for Federal defendants. If you fail to do so, judgment by defaut will be taken against you for the relief demanded in the complaint." Dkt. #11.

[2] Although the Court of Appeals for the Second Circuit has yet to issue a definitive ruling on the issue, the weight of authority indicates that vacatur of default is a matter that can be resolved by a magistrate judge. *Kryszak v. Norfolk S. Corp.*, 17-CV-530, 2020 WL 1445478, at *1 (W.D.N.Y. March 25, 2020) (collecting cases).

Michael Violante, Laura T. Bittner and Kevin D. Canali. Dkt. #36. In support of the motion, counsel affirms that she erroneously believed that the defendants had been served pursuant to Fed. R. Civ. P. 4(d), which would have afforded them 60 days to respond to the complaint. Dkt. #36-1, ¶ 6. Counsel further affirms that defendants have multiple defenses to this action, which she sets forth in an accompanying memorandum of law, and argues that vacating the entry of default will not prejudice the plaintiffs. Dkt. #36-1, ¶¶ 14 & 16 & Dkt. #36-2.

Plaintiffs respond that the Notice and Acknowledgment of Summons and Complaint by Mail clearly states that the defendants "must answer the complaint within 21 days" and that the Court's docket sheet set forth the deadline to respond to the complaints. Dkt. #52, pp.3-4.

A "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In assessing the existence of good cause, the Court of Appeals for the Second Circuit has directed courts to consider three factors: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Willfulness encompasses "conduct that is more than merely negligent or careless." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998), *cert. denied*, 525 U.S. 931 (1998). For example, a determination of willfulness is appropriate "where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *Id.* A court may also refuse to set aside a default where the moving party has made a

-3-

strategic decision to ignore the litigation. *Nikolaeva v. Home Attendant Servs. of Hyde Park*, No. 15-CV-6977, 2018 WL 6984837, at *2 (E.D.N.Y. Nov. 16, 2018), *citing American All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996), *R&R adopted by* 2019 WL 147721 (Jan. 9, 2019). With respect to the second factor, "delay alone is not a sufficient basis for establishing prejudice." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). Instead, it must be established that the delay has caused the loss of evidence or created increased difficulties in discovery, or provided increased opportunity for fraud and collusion. *Id.* Finally, although a "defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense," *Enron*, 713 F.2d at 98, evidence of facts which, if proven at trial, would constitute a complete defense will suffice. *McNulty*, 137 F.3d at 740. "The Court enjoys sound discretion in applying these factors, but must acknowledge the strong preference to resolve disputes on the merits." *Puerner v. Hudson Spine & Pain Med., P.C.,* 17-CV-3590, 2019 WL 2548134 at *2 (S.D.N.Y. June 19, 2019), *citing New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

Counsel's affirmation of error in calculating the deadline for responding to the complaint does not rise to the level of willfulness, particularly in light of her filing of the motion to vacate within three days of the entry of default. Moreover, given that motions to dismiss are pending, discovery has not commenced, and there is no suggestion that the lapse of less than three weeks from the deadline for responding to the complaint and the motion to vacate has otherwise affected the available evidence or otherwise affected plaintiffs ability to proceed with their complaint, there is no

suggestion of prejudice. Finally, defendants have set forth sufficient facts in support of a meritorious defense to this action to warrant resolution of this action on the merits. Accordingly, the motion to vacate is granted.

**SO ORDERED.**

**DATED:**       **Buffalo, New York**
              **May 28, 2020**

                              _s/ H. Kenneth Schroeder, Jr._
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**