UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN W. KARCZ, JR.,
JENNIFER A. KARCZ

        Plaintiffs,

vs.                                          Civil Action No.: 1:16-CV-00628

THE CITY OF NORTH TONAWANDA, and
THE COUNTY OF NIAGARA, et al.

        Defendants.
_____


# PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR CROSS-MOTION TO STRIKE

                                          **RUPP BAASE PFALZGRAF CUNNINGHAM LLC**
                                          *Attorneys for Plaintiffs*
                                          R. Anthony Rupp III
                                          Chad A. Davenport
                                          1600 Liberty Building
                                          Buffalo, New York 14202
                                          (716) 854-3400

**PRELIMINARY STATEMENT**

One thing that Mr. Crosby's most recent submission makes abundantly clear is that there is absolutely no reason that this Court should consider any of the Crosby Affidavits submitted in support of the County Defendants' motion to dismiss. Mr. Crosby continues to engage in the forbidden practice of using his affidavit to advance legal arguments, hearsay, and factual assertions not within Mr. Crosby's personal knowledge. The proper remedy is to strike his affidavits in their entirety, including the exhibits improperly attached thereto. Accordingly, plaintiffs request this Court to issue an order granting plaintiffs' cross-motion to strike.

**FACTUAL AND PROCEDURAL HISTORY**

The facts and procedural history underlying this matter and relevant to the instant motion are provided in the Amended Complaint (Dkt. 83), and the January 15, 2021 Declaration of Chad A. Davenport (Dkt. 89-1). The Court respectfully is referred to those documents, as the facts and procedural history will be stated only for emphasis, as needed.

**ARGUMENT**

**A.     Mr. Crosby's Reply Affidavit Should be Stricken in its Entirety.**

In response to plaintiffs' cross-motion to strike, Mr. Crosby submits another affidavit that continues to engage in the same conduct complained of in plaintiffs' papers. Most egregiously, Mr. Crosby asserts that Deputy Ronald Dworzanski was the only County Defendant who was present for the June 8, 2015, (Dkt. 90 at ¶6), in direct contravention of the well-pleaded allegations in plaintiffs' amended complaint. As alleged in the amended complaint, Defendant

1

Scott Lombardo was present for the June 8, 2015 illegal search.  (Dkt. 89-1 at ¶96).[1]  That is why he is a named defendant in this action.  There is no other reason for plaintiffs to name him as a defendant in this action.  Mr. Crosby cannot rewrite the allegations in plaintiffs' complaint.  He provides no evidentiary support for a factual averment that he swore to without any personal knowledge.  The factual averment in his affidavit is hearsay at best.  His Reply Affidavit must be stricken.  *See Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC*, 2005 WL 3370542, at *3 (S.D.N.Y. Dec. 12, 2005) (striking attorney affidavit where counsel swore to "matters of which he could have no direct personal knowledge as an attorney that came upon this matter after the fact").

Additionally, Mr. Crosby's Reply Affidavit again improperly includes legal arguments.  Mr. Crosby writes "[a]s set forth in the County's prior motion submissions (Docket No. 76, 82, 86) . . . the June 8, 2015 search warrant and affidavit should be considered by the Court without converting Defendants' motion to one for summary judgment, and Plaintiffs' motion to strike should be denied."  The only thing his legal argument is missing is a case citation at the end.  Instead of citing a case at the end of his argument, Mr. Crosby cites to and refers to his legal arguments in his prior motion to dismiss the plaintiffs' original complaint, and expects this Court to consider, and plaintiffs to respond to, his legal arguments submitted in excess of this Court's local rules regarding page limits.

Presumably, Mr. Crosby and his office reviewed the numerous cases cited in plaintiffs' previous submissions which explained that he could not "articulate a legal argument simply by 'incorporating by reference' the argument presented in another document."  *Topliff v.*

---

[1] Plaintiffs' Amended Complaint also alleges that officers from the Niagara County Sheriff's Department, identified as John Does I-IV, were present for the illegal June 8, 2015 search, a fact repeatedly ignored in the County Defendants' papers.  (*See* Dkt. 83 at ¶¶90-142).

2

*Wal-Mart Stores East LP*, 2007 WL 911891, at *9 n. 65 (N.D.N.Y. Mar. 22, 2007); *see, e.g., Purify v. Walter Inv. Mgmt. Corp.*, 2015 WL 9450621, at *1 n. 1 (S.D.N.Y. Dec. 22, 2015); *Douglas v. New York State Adirondack Park Agency*, 895 F. Supp. 2d 321, 362 n. 32 (N.D.N.Y. 2012). Nevertheless, he decided to ignore those previous warnings and go forward without correcting his improper affidavits. His Reply Affidavit, therefore, should be excluded from the record.

### B. The Court Should Strike the Crosby Affidavits and Exhibits Attached Thereto in Their Entirety.

The County Defendants' legal arguments to avoid the consequences of plaintiffs' motion to strike are unavailing. First, it should be noted that the County Defendants' reply memorandum of law again improperly cites to its previous motion to dismiss the plaintiffs' original complaint in contravention of this Court's local rules regarding page limits. On page 2, the County Defendants cite to their "previous motion to dismiss Plaintiffs' original complaint (Docket No. 76, 82)," referring the Court and plaintiffs to their prior motion to dismiss papers and incorporating "all facts, relevant procedural history, papers, and proceedings relative to" their motion to dismiss the amended complaint. County Defendants never have requested leave to file pages in excess of this Court's local rules on page limits. Had the County Defendants refrained from rewriting the allegations in plaintiffs' complaint and amended complaint, the facts would all be located in one place—the amended complaint. However, County Defendants would like the Court and plaintiffs to engage in a paper maze to find all the facts they rely upon to support their motion.

Then, if the County Defendants are forbidden by the Court from directly citing to their previous motion papers, they attempt to inconspicuously cite to their previous motion

3

papers.  On page 3 of the Reply Memorandum of Law, they cite to pages 11, 13-14 of "Exhibit B" to the Crosby Affidavit, which is just the County Defendants' Reply Memorandum of Law submitted in further support of their motion to dismiss the *original* complaint.  They cite to the legal arguments in "Exhibit B" as if its just another case citation for the plaintiffs to respond to, and for this Court to consider.  This absurd practice by the County Defendants must end.

    Couched within "Exhibit B" is the June 8, 2015 search warrant and affidavit that the County Defendants want so desperately to have before this Court for their motion to dismiss.  But the County Defendants do not respond to any of plaintiffs' arguments as to why the search warrant and affidavit do not prove probable cause as a matter of law, and therefore it is baffling as to what value having the search warrant and affidavit considered by the Court provides.  Strangely, the search warrant affidavit suddenly appeared only after the plaintiffs filed a federal lawsuit and successfully opposed the County Defendants' motion to dismiss the original complaint.  Then, suddenly, after five years the search warrant affidavit magically appears as improper *evidence* submitted in support of the County Defendants' motion to dismiss the original complaint.  Notwithstanding the fact the County Defendants improperly submitted *evidence* in their reply to support a Rule 12(b)(6) motion, it is ironic that the County Defendants believe that submitting a search warrant affidavit that they hid for five years somehow eliminates all questions of fact in this matter.  The County Defendants knew that the search warrant affidavit was improperly obtained in violation of the plaintiffs' constitutional rights, and that is why they hid the search warrant affidavit from the plaintiffs and this Court in the first instance.

    But aside from the questionable utility of the search warrant and affidavit, it is difficult to conceive a situation where a municipality refuses to disclose a search warrant

affidavit, in violation of *Brady* and its progeny, and then uses said search warrant affidavit on a motion to dismiss a subsequent civil complaint brought by the individuals whose rights the County Defendants violated. The search warrant affidavit, in isolation, paints an incomplete factual narrative of the facts and circumstances that led to the illegal search of plaintiffs' home on June 8, 2015. Therefore, if this Court considers the search warrant affidavit, it must convert the County Defendants' motion to one for summary judgment and allow the parties to take discovery so the Court has a complete record regarding the circumstances that led to the June 8, 2015 search of plaintiffs' home. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154 (2d Cir. 2002).

The County Defendants' remaining arguments against striking the Crosby Affidavits are not persuasive. Paragraph 11 of the Crosby Affidavit does not "merely provide[ ] the circumstances leading to the County Defendants' attaching the June 8, 2015 search warrant and accompanying affidavit." (Dkt. 90-1 at p. 5). Mr. Crosby swears to the following legal argument as if it's a factual averment: "[T]he County Defendants attached a copy of the June 8, 2015 search warrant executed by Judge Lewis with the supporting affidavit of County Defendant Ronald Dworzanski . . . and NT Police Department Defendant James Muehlbauer . . . ***as it is so integral to Plaintiffs' claims that it is incorporated by reference into the complaint without the need for conversion to a motion for summary judgment***." (*Id.*) (emphasis added). Again, the only thing missing is a case citation. But instead, Mr. Crosby includes a footnote and cites to pages 4-5 of the County Defendants' Reply Memorandum of Law submitted in further support of their motion to dismiss the ***original*** complaint. He then writes in a footnote in his affidavit that he "incorporate[s] the legal and factual arguments set forth in [County Defendants] initial moving papers [Docket Nos. 76, 82]." (Dkt. No. 86-1 at p. 4). Paragraph 11 of the Crosby

5

Affidavit does not merely set forth the procedural backdrop for their motion, it is in form and substance 35 pages of legal arguments jammed into one paragraph.

Finally, the County Defendants miscomprehend the plaintiffs' arguments in their previous submissions.  Plaintiffs do not argue that the June 8, 2015 search warrant and affidavit are hearsay and speculative; plaintiffs are arguing that Mr. Crosby relying on the statements of Defendants Muehlbauer and Dworzanski in the search warrant affidavit regarding alleged marijuana plants that were found and seized from plaintiffs' home on May 24, 2013 is hearsay and speculative.  Mr. Crosby's Affidavit cannot state as a fact that ten (10) to fifteen (15) marijuana plants were seized from plaintiffs' home when he was not present for the May 24, 2013 search and the only source for his knowledge is Defendant Muehlbauer and Dworzanski's statements in the application for a search warrant.  His Affidavits are improper, prejudice the plaintiffs, and should not be considered by the Court.

**{The Rest of This Page Has Intentionally Been Left Blank}**

## **CONCLUSION**

For the reasons stated above and previously, it respectfully is submitted that County Defendants' motion to dismiss should be denied, and plaintiffs' cross-motion to strike should be granted, along with any and all other relief that this Court deems just and proper, including attorneys' fees and costs for opposing the County Defendants' motion to dismiss.

Dated:  February 5, 2021
       Buffalo, New York

                      **RUPP BAASE PFALZGRAF CUNNINGHAM LLC**
                      *Attorneys for Plaintiffs*

                      By:   s/ Chad A. Davenport
                             R. Anthony Rupp III
                             Chad A. Davenport
                             1600 Liberty Building
                             Buffalo, New York  14202
                             (716) 854-3400