UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN W. KARCZ, JR., and
JENNIFER A. KARCZ,
       **Plaintiffs**
   -v-                16-CV-0628V(Sr)
CITY OF NORTH TONAWANDA,
THE COUNTY OF NIAGARA,
SHAWN P. NICKERSON,
WILLIAM R. HALL,
THOMAS E. KRANTZ,
KAREN SMITH,
JAMES MUEHLBAUER,
LAWRENCE KUEBLER,
SCOTT WILLARD,
TERRY HUEY,
DANIEL MAHONEY,
JEFF SHISELEY,
RICHARD WYDYSH,
JAMES R. VOUTOUR,
SCOTT LOMBARDO,
RONALD P. DWORZANSKI,
MICHAEL VIOLANTE,
LAURA T. BOTTNER, and
KEVIN D. CANALI,
       **Defendants.**
_____

JENNIFER A. KARCZ,
       **Plaintiff**
   -v-                16-CV-0693V(Sr)
THE COUNTY OF NIAGARA,
JOHN CICHETTI,
JEROME SPERRAZZA,
MICHAEL KRATTS,
RYAN DZIURA,
WILLIAM COLLINS,
JEFFREY SHEEHAN,
DEBRA LAROCK,
JEFF SHIESLEY,
LEE BOLSOVER, and
LARRY KEUBLER,
       **Defendants.**
_____

## DECISION AND ORDER

These cases were referred to the undersigned by the Hon. Lawrence J. Vilardo, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. 16-CV-628 at Dkt. #57 & 16-CV-693 at Dkt. #27.

Currently before the Court is a motion to consolidate 16-CV-693 into 16-CV-628. In support of the motion to consolidate, plaintiffs' counsel argues that the cases "raise common questions of fact and law" and that "judicial economy and the interests of avoiding inconsistent rulings necessitates consolidation" because "many witnesses who will be called to testify at depositions and at trial will be called as witnesses in both cases" and a central legal issue in both cases is whether the County of Niagara and the City of North Tonawanda maintained a custom or practice of unlawful searches of citizens' homes in violation of the Fourth Amendment. 19-CV-693 at Dkt. #62-2, pp.2-5.

Defendants oppose the motion to consolidate on the ground that 16-CV-693 concerns a discrete event, *to wit*, a Niagara County probation check for non-party John Karcz on August 11, 2016, whereas 16-CV-628 asserts an assortment of disparate claims flowing from plaintiffs' interactions with City of North Tonawanda officials. 16-CV-693 at Dkt. #63-1. Defendants note that the only two individual defendants named in both actions are Larry Keubler and Jeff Shiesley, neither of whom were present for the events at issue in 16-CV-693, as evidenced by the City of North Tonawanda Police Department Incident Report from June 3, 2019 indicating that

Niagara County Probation Officer Jerry Sperrazza was accompanied by City of North Tonawanda Police Officers Bolsover and Dziura. 16-CV-693 at Dkt. #63-2. Defendants further note that there is no allegation that any defendant entered the residence on August 11, 2016. 16-CV-693 at Dkt. #63-7. Defendants argue that consolidation of 16-CV-693 this case into 16-CV-628 would only add "yet another claim in an already cumbersome action" which already spans 322 paragraphs and asserts nine causes of action. 16-CV-693 at Dkt. #63-7, p.8.

Plaintiffs respond that these cases "form a seamless narrative about two law enforcement departments who conspired together to repeatedly enter, seize, and search a family's property in violation of their Fourth Amendment rights." Dkt. #65, p.3. Plaintiffs assert that the alleged violation of Fourth Amendment rights in 16-CV-693 was caused by the previous illegal searches that underlie the claims in 16-CV-628. Dkt. #65, p.7.

Rule 42(a) of the Federal Rules of Civil Procedure provides that the court may consolidate actions for trial when there are common questions of law or fact. The court enjoys "broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp*., 899 F.2d 1281, 1284 (2d Cir. 1990). "In assessing whether consolidation is appropriate, a court "should consider both equity and judicial economy." *Devlin v. Transportation Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). "Consolidation is a valuable and important tool of judicial administration that should be invoked to expedite trial and eliminate unnecessary repetition and confusion." *Rauch v.*

*Vale S.A.,* 378 F. Supp.3d 198, 204 (E.D.N.Y. 2019). However, "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." *Johnson*, 899 F.2d at 1285. A motion to consolidate is non-dispositive. *See In re Synergy Pharms. Inc. Sec. Litig.,* 18-CV-873, 2020 WL 5763830, at *2 (E.D.N.Y. Sept. 28, 2020) (collecting cases).

Plaintiffs' amended complaint in 16-CV-628 alleges ongoing constitutional violations by the City of North Tonawanda Police Department dating back to May 24, 2013 and also including June 12, 2013, July 15, 2013, November 16, 2013, July of 2014, August of 2014 and September 27, 2014, in which police officers illegally entered the property at which plaintiffs' resided, illegally searched the property at which plaintiffs' resided causing damage to their residence and its contents, illegally seized personal property from their residence, and otherwise engaged in harassing and threatening behavior toward plaintiffs. Dkt. #83. On May 18, 2015, plaintiffs allege that defendant police officers entered their residence while Jennifer Karcz was sleeping, effectuating an unlawful seizure and false arrest of plaintiff, as well as an unlawful search of plaintiffs' residence, causing significant property damage and illegally seizing personal property from the residence. Dkt. #83. On May 23, 2015, plaintiffs allege that police officers knocked on the front door of the residence and were observed by Jennifer Karcz to be looking through the windows in front of her house and garage without permission or authority to be on the premises.  Dkt. #83. On June 18, 2015, plaintiffs allege that City of North Tonawanda Police Officers and Niagara County Drug Task Force Officers broke through the front door and committed "acts of vandalism,

theft, and a litany of civil rights violations while conducting an intentionally illegal search" pursuant to an illegal search warrant obtained in bad faith, subjecting John Karcz to wrongful arrest and malicious prosecution resulting in the loss of John Karcz's employment and his acceptance of a guilty plea with a sentence of 3 years probation. Dkt. #83. On June 30, 2015, plaintiffs allege that their neighbor, City of North Tonawanda Police Officer Jeff Shiesley, harassed Jennifer Karcz as she walked past his residence. Dkt. #83. In November of 2015, plaintiffs allege that the City of North Tonawanda Police Department wrongfully issued plaintiffs a ticket for leaving their boat and trailer on a public roadway. Dkt. #83. On July 15, 2016, plaintiffs' neighbor, City of North Tonawanda Police Officer Larry Kuebler, advised John Karcz that a warrant had been issued for his arrest for a probation violation. Dkt. #83. John Karcz alleges that during the course of the "booking" process, he was harassed, fondled, forced to remove his yarmulke and shirt, and subjected to excessive force. Dkt. #83. Plaintiffs assert causes of action pursuant to 42 U.S.C. § 1983 and common law for unreasonable search and seizure, false arrest, false imprisonment, malicious prosecution, prosecutorial misconduct, failure to intervene and protect, use of excessive force, assault and battery, deprivation of due process, and conspiracy to violate plaintiffs' constitutional rights. Dkt. #83.

Plaintiff Jennifer Karcz's amended complaint in 16-CV-693 alleges that Niagara County Probation Officers and North Tonawanda Police Officers illegally entered the property where Jennifer Karcz resided on August 11, 2016 and illegally detained her and her children in retaliation for a prior lawsuit she filed against North

Tonawanda Police Officers Lee Bolsover and Larry Kuebler, as well as in retaliation for reporting North Tonawanda Police Officer Jeff Shiesley for fraud to the New York Workers' Compensation Fund. Dkt. #4.  Plaintiff asserts causes of action pursuant to 42 U.S.C. §§ 1983 & 1985 for use of excessive force and deprivation of free speech and expression, as well as common law assault, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence. Dkt. #4.

Although plaintiffs argue that the incident on August 11, 2016 which is set forth in 16-CV-693 is yet another example of "a vendetta of continuing violations" set forth in 16-CV-628, the Court notes that Niagara County Probation Department personnel are not named as defendants in 16-CV-628. Moreover, the municipal liability of the County of Niagara is premised upon the actions of two separate governmental entities on two distinct dates, *to wit*, the actions of the Niagara County Sheriff's Department on June 18, 2015 in 16-CV-628 and the Niagara County Probation Office on August 11, 2016 in 16-CV-693. Furthermore, the only individual defendants named in both actions, City of North Tonawanda Police Detective Lawrence Kuebler and City of North Tonawanda Police Officer Jeff Shiesley, are not alleged to have been involved in any search and seizure of plaintiffs' property in 16-CV-628 nor are they alleged to have been present for the probation visit at issue in 16-CV-693. Given the discrete time frame and distinct allegations in 16-CV-693, particularly as compared to the sprawling allegations in 16-CV-628, the Court finds that consolidation would not serve the interests of judicial economy and would likely prejudice the Niagara County Probation Department defendants.

## CONCLUSION

For the reasons set forth above, the motion to consolidate 16-CV-693 into 16-CV-628 is **DENIED**.


**SO ORDERED.**


**DATED:**  **Buffalo, New York**
**January 16, 2024**

                                       *s/ H. Kenneth Schroeder, Jr.*
                                       **H. KENNETH SCHROEDER, JR.**
                                       **United States Magistrate Judge**