UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN W. KARCZ JR., et al.,

       Plaintiffs,

  v.                                       16-CV-628-LJV-HKS
                                                DECISION & ORDER
THE CITY OF NORTH TONAWANDA, et al.,

       Defendants.

---

       On August 3, 2016, the pro se plaintiffs, John W. Karcz Jr. and Jennifer A. Karcz, commenced this action under 42 U.S.C. § 1983 and New York State law. Docket Item 1. On July 25, 2019, this Court referred this case to United States Magistrate Judge H. Kenneth Schroeder Jr. for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 57. The following year, the Karczes, now represented by counsel, filed an amended complaint. Docket Item 83.

       On November 16, 2020, Niagara County; Niagara County Sheriff James R. Voutour; Niagara County Sheriff's Deputy Ronald P. Dworzanski; Niagara County Sheriff's Captain Scott Lombardo; Niagara County District Attorney Michael Violante; and Niagara County Assistant District Attorneys Laura T. Bittner and Kevin D. Canali (collectively, the "Niagara County defendants") moved to dismiss the amended complaint.[1] Docket Item 86; *see also* Docket Item 102 at 2-3. The Karczes, through counsel, responded to that motion and cross-moved to strike an attorney affidavit and

---

[1] Another set of defendants associated with the City of North Tonawanda answered the amended complaint, *see* Docket Item 85, and the Court does not address those claims here.

several exhibits filed in support of the motion to dismiss.  Docket Items 89 and 89-2.  The Niagara County defendants replied in support of their motion to dismiss and responded to the motion to strike, Docket Item 90, and the Karczes then replied, Docket Item 91.  About two years later, the Karczes' counsel moved to withdraw, Docket Item 97, and on September 30, 2024, Judge Schroeder granted that motion, Docket Item 101.

On December 27, 2024, Judge Schroeder issued a Report, Recommendation & Order ("RR&O") denying the Karczes' motion to strike and recommending that the Niagara County defendants' motion to dismiss be granted in part and denied in part.  Docket Item 102.  More specifically, Judge Schroeder recommended that the Niagara County defendants' motion be granted as to all claims except the Karczes' section 1983 claims that (1) Captain Lombardo and Deputy Dworzanski "were personally involved in the theft and destruction of personal property and/or failed to intervene as other law enforcement officers engaged in the theft and destruction of personal property during the search on June 8, 2015," in violation of the Fourth Amendment; and that (2) Captain Lombardo and Deputy Dworzanski "exceeded the scope of the search warrant by searching the boat in front of 351 Daniel Drive and/or failed to intervene as other law enforcement officers searched the boat in front of 351 Daniel Drive during the search on June 8, 2015," also in violation of the Fourth Amendment.  *Id.* at 51-52.

The parties did not object to the RR&O, and the time to do so now has expired.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Docket Item 102.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must

review de novo those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Schroeder's RR&O as well as the parties' submissions to him. Based on that review and the absence of any objections, the Court accepts and adopts Judge Schroeder's recommendation to grant in part and deny in part the Niagara County defendants' motion to dismiss.

For the reasons stated above and in the RR&O, the Niagara County defendants' motion is GRANTED as to all claims except the claims that Captain Lombardo and Deputy Dworzanski violated the Karczes' Fourth Amendment rights by engaging in theft and destruction of personal property and by exceeding the scope of the search warrant in searching a boat—or, alternatively, by failing to intervene as other law enforcement officers engaged in those actions—during the search on June 8, 2015. With respect to those claims, the motion is DENIED. The claims against Niagara County, Sheriff Voutour, District Attorney Violante, and Assistant District Attorneys Bittner and Canali therefore are DISMISSED, and the Clerk of the Court shall remove those defendants as parties to this action.

The case is referred back to Judge Schroeder for further proceedings.[2]

---

[2] More specifically, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), all pre-trial matters in this case are referred back to Judge Schroeder, including but not limited to: (1) conduct of a scheduling conference and entry of a scheduling order pursuant to Fed.

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person.  *Coppedge v. United States,* 369 U.S. 438 (1962).


SO ORDERED.

Dated:   January 27, 2025
             Buffalo, New York


                                      */s/ Lawrence J. Vilardo*
                                      LAWRENCE J. VILARDO
                                      UNITED STATES DISTRICT JUDGE

---

R. Civ. P. 16, (2) hearing and disposition of all non-dispositive motions or applications, (3) supervision of discovery, and (4) supervision of all procedural matters involving the aforementioned or involving the preparation of the case or any matter therein for consideration by the District Judge. The Magistrate Judge shall not hear and report upon dispositive motions for the consideration of the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), however, unless further ordered by this Court.